UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ANTHONY LEE PRELLWITZ,

      Plaintiff,

v.

BRUCE ANDERSON,
Sherburne County Sheriff,

      Defendant.

Civil No. 07-2120 (PAM/JSM)

**REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, is seeking relief for alleged violations of his federal constitutional rights. The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's amended complaint, (Docket No. 5),[2] fails to state a claim on which relief can be granted. The

---

[1] Plaintiff did not pay the $350 filing fee for this action when he filed his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The Court previously ruled that Plaintiff's IFP application could not be addressed, and this case could not proceed, until Plaintiff paid the initial partial filing fee that prisoners must pay pursuant to 28 U.S.C. § 1915(b)(1). (See Order dated May 7, 2007; [Docket No. 3].) However, Plaintiff recently sent a letter to the Court, (Docket No. 8), in which he contends that he is unable to pay the prescribed fee, because jail officials at the Sherburne County Jail do "not allow inmates to send money out." For now, the Court will accept Plaintiff's contention that he is unable to pay his initial partial filing fee, and he will be treated as a prisoner who has "no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Therefore, even though Plaintiff has not yet paid the required fee, his case will now proceed directly to the initial screening process prescribed by § 1915A.

[2] Shortly after Plaintiff commenced this action, he filed a new pleading. Because he was then entitled to amend his complaint "once as a matter of course," (see Fed. R. Civ. P. 15(a)), that new pleading has been accepted and filed as an amended complaint. (Docket

Court will therefore recommend that this action be summarily dismissed pursuant to § 1915A(b)(1).

## I. BACKGROUND

Plaintiff's claims stem from an incident that allegedly occurred at the Sherburne County Jail on March 28, 2007. Plaintiff alleges that shortly after noon on that date, he informed some unnamed jail official that the toilet in his cell had overflowed, and that water containing human waste had spilled onto the floor of the cell. Plaintiff asked for some cleaning materials, so he could clean up his cell, but that request was not granted until approximately 3:00 p.m. Furthermore, the toilet was not repaired until approximately 6:00 p.m. Thus, Plaintiff allegedly was left "in a cell with contaminated water on the floor for over 3 hours," and he was left for "over 6 hours with a toilet that was emitting a foul odder [sic]." (Amended Complaint, p. (2).)

Plaintiff claims that "cruel and unjust punishment was done" as a result of the incident described in his amended complaint. He contends that the incident "shows negligence" on the part of some unnamed jail official(s), as well as "a lack of training to handle those kind of situations." (Id., pp. (2)-(3).)

Plaintiff is now trying to sue the Sheriff of Sherburne County, Bruce Anderson – even though Anderson is never specifically mentioned in any of the substantive allegations of the amended complaint. Plaintiff is seeking a judgment against Defendant Anderson in the amount of $15,000 "for compensation" – even though are no allegations suggesting that

---

No. 5.)  Thus, the matter is now before the Court for review of Plaintiff's amended complaint.

Plaintiff sustained any actual injury as a result of the incident described in his amended complaint.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his pleading must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act, ("PLRA"), requires federal courts to screen the pleadings in every prisoner civil rights action against governmental agents or entities "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a cognizable claim, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff apparently is attempting to sue Defendant Anderson based on certain acts or omissions by some of Anderson's subordinates, which allegedly violated Plaintiff's federal constitutional rights. Giving the amended complaint the benefit of liberal

construction, it appears that Plaintiff is claiming that his constitutional rights were violated because of Anderson's alleged failure to adequately train his subordinates. However, Anderson cannot be held liable under a "failure to train" theory, unless his subordinates actually violated Plaintiff's federal constitutional rights. Wilson v. Spain, 209 F.3d 713, 717 (8th Cir. 2000); Schulz v. Long, 44 F.3d 643, 650 (8th Cir. 1995); Abbott v. City of Crocker, Mo., 30 F.3d 994, 998 (8th Cir. 1994); City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).

The allegations in Plaintiff's amended complaint, even if proven true, do not show any violation of his federal constitutional rights. He has alleged only that there was waste water on the floor of his cell for three hours, and that he had to endure the odor of an inoperable toilet for six hours. While the incident described in the complaint was doubtlessly offensive to Plaintiff, the Court finds that even if he could prove the incident occurred exactly as he has described it, there was no violation of his federal constitutional rights.

The inadequacy of Plaintiff's pleading can be easily seen by comparing the facts alleged here with the facts of Smith v. Copeland, 87 F.3d 265 (8th Cir. 1996). Smith was a § 1983 action brought by a pre-trial detainee, (a county jail inmate), who sought relief for alleged violations of his federal constitutional rights. He alleged that the toilet in his isolation cell overflowed, and "that he was 'made to endure the stench of [his] own feces and urine'" during four days of confinement in that cell. Id. at 268.

The deprivations described in Plaintiff's amended complaint in this case are far less onerous than those suffered by the plaintiff in Smith. The instant Plaintiff has alleged that he endured waste water in his cell for three hours, whereas the plaintiff in Smith allegedly endured a similar (or perhaps worse) situation for four days. Yet the Eighth Circuit found Smith's §

4

1983 claim to be inadequate, as a matter of law. The Court held that even the plaintiff's "'raw sewage' allegation" amounted to no more than "a de minimis imposition" that did not "implicate constitutional concerns." Id. If the circumstances described in Smith lacked constitutional significance, the same must be true here.

## III. CONCLUSION

In sum, the Court finds that Plaintiff has not alleged any facts or circumstances showing that his federal constitutional rights were violated by any of Defendant Anderson's subordinates. It follows that Anderson himself cannot be sued under 42 U.S.C. § 1983, based on a "failure to train" theory, (or any other legal theory). Thus, the Court concludes that Plaintiff has failed to state a cause of action on which relief can be granted, and that this case must be dismissed pursuant to 28 U.S.C. § 1915A(b).

Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, he has not paid any fee at all, so he still owes the full $350 fee.

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Jail officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Because Plaintiff has failed to allege an actionable claim for relief, the Court will further recommend that his motion for appointment of counsel, (Docket No. 6), be denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 6), be **DENIED**;

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

   5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: June 5, 2007

                                                 *s/ Janie S. Mayeron*
                                                 JANIE S. MAYERON
                                                 United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 22, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.